IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JESSICA D. FREEMAN, ) | |
| ) | CIVIL ACTION NO. 0:06-2255-TLW-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on November 17, 2003, alleging disability as of December 6, 2001 due to schizophrenia, depression, degenerative disc disease, sinus problems, and an underdeveloped cerebellum. (R.pp. 51-54, 61). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g) (2000).



Law Judge (ALJ), which was held on August 30, 2005. (R.pp. 307-349). The ALJ thereafter denied Plaintiff's claim in a decision issued January 6, 2006. (R.pp. 17-25). The Appeals Council denied Plaintiff's request for a review of the decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 8-12).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642.



"[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff, who was twenty-three (23) years old when she alleges her disability began, has a high school education with some college, and past relevant work as a cashier, waitress, and mail sorter. (R.pp. 51, 63-70, 311-318). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from some severe impairments, she nevertheless retained the residual functional capacity to perform her past relevant work as a document preparer and mail sorter, and was therefore not disabled. (R.pp. 24-25).

Plaintiff asserts that in reaching this decision, the ALJ erred by improperly rejecting the opinions of Plaintiff's treating and examining physicians, by failing to find that Plaintiff's schizophrenia met the requirements of Listing 12.03(C) of the Listing of Impairments [2], and by failing to make specific findings with respect to Plaintiff's severe mental impairment. After careful

---

[2] In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medial signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if their impairment meets the criteria of an impairment set forth in the Listings. See 20 C.F.R. §§ 416.925, 416.926 (2003).

3



review and consideration of the record in this case and the arguments of counsel, the undersigned is constrained to agree with the Plaintiff that the ALJ's findings with respect to the effect Plaintiff's severe mental impairment has on her residual functional capacity are not legally correct under the applicable standard and caselaw, and that a reversal with remand of the case for further consideration of this issue is therefore required.

The Social Security regulations require that when a severe mental impairment is found, the degree of a claimant's limitation in the areas of social functioning; concentration, persistence or pace; and episodes of decompensation must be specifically determined and rated on a five point scale: none, mild, moderate, marked, and extreme. Further, this evaluation must be documented in the decision. See generally, 20 C.F.R. § 404.1520a [evaluation of mental impairments]. A review of the ALJ's decision in this case shows that he did not comply with this requirement. Rather, the ALJ noted and discussed the medical evidence concerning Plaintiff's mental impairment, found that Plaintiff did have a severe mental impairment, and then concluded that, because of her mental disorder, Plaintiff was limited to simple, routine work in a low stress environment, with no more than occasional interaction with the public and avoidance of hazards such as dangerous machinery. See generally, (R.pp. 18-24). However, other than generally stating that Plaintiff's persistent, intermittent hallucinations did not result in "marked limitations", the ALJ failed to make any specific findings with respect to Plaintiff's residual functional capacity due to her severe mental impairment, or to otherwise comply with the requirements of 20 C.F.R. § 404.1520a.[3] Indeed,

---

[3]Since the ALJ limited Plaintiff to simple, routine work in a low stress environment with no more than occasional interaction with the public, it could be surmised that the ALJ found that Plaintiff's severe mental impairment imposed no more than moderate limitations in her concentration, social functioning, and toleration of stress. *Cf.* Wood v. Barnhart, No. 05-432, 2006 WL 2583097 at * 11 (D.Del. Sept. 7, 2006) [By restricting plaintiff to jobs with simple instructions, the court concluded



the Commissioner concedes in his brief that the ALJ erred by failing to sequentially analyze Plaintiff's mental impairments in accordance with § 404.1520a.

While the Commissioner argues that there is evidence in the record to support the ALJ's ultimate findings with respect to Plaintiff's mental RFC, and that the decision should therefore be affirmed, there is also evidence in the record to support other findings. Again, this Court cannot speculate as to what the findings of the ALJ were or should have been, and therefore the failure of the ALJ to include the degree of mental/emotional impairment found by him to exist, and in particular the degree of impairment in Plaintiff's ability to maintain persistence, concentration and pace and engage in activities of daily living and social functioning, necessitates reversal of the decision. Lindsay v. Barnhart, 370 F.Supp.2d 1036, 1045 (C.D.Cal. 2005) [decision reversed where ALJ "failed to assess plaintiff's mental impairment...by making specific findings about plaintiff's daily activities, social functioning, concentration, persistence, or pace, and episodes of decompensation. 20 C.F.R. § 404.1520a(c) (2-4)."]; Caflin v. Commissioner of Social Security, No. 04-10153, 2005 WL 1030421 at *6 (E.D.Mich. 2005) ["If the severe mental impairment does not meet a listed mental disorder, the Commissioner must perform a residual functional capacity assessment to determine whether the claimant can perform some jobs notwithstanding his mental

---

the ALJ adequately accounted for plaintiff's moderate limitation in maintaining concentration, persistence or pace]; Smith-Felder v. Commissioner, 103 F.Supp.2d 1011, 1014 (E.D.Mich. June 26, 2000) [hypothetical question including work involving only a mild amount of stress and only "simple one, two, or three step operations" properly comports with findings of ALJ as to plaintiff's moderate limitations in concentration, social functioning, and tolerance of stress]. However, that would be only speculation by the Court, as the ALJ made no such findings in his decision. *Cf.* Jones v. Massanari, No. 01-24, 2001 WL 34382025 at * 13-14 (W.D.Wis. Oct. 18, 2001) [Court did not reverse where ALJ did access Plaintiff's residual functional capacity and concluded that Plaintiff could perform simple, unskilled work requiring only three-to-four step instructions with brief and superficial contact with the public and no high production goals or quotas.].

5



impairment. 20 C.F.R. § 1520a(c)(3)."]. Therefore, remand is required for the purpose of obtaining proper findings and conclusions with respect to the degree of Plaintiff's mental impairment, and the limitations imposed on her as a result of that impairment.

Finally, with respect to the remainder of Plaintiff's complaints concerning the decision, on remand the ALJ will reconsider and reevaluate Plaintiff's credibility and the medical record as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [On remand, the ALJ's prior decision has no preclusive effect, as the new hearing is conducted *de novo*].

**Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for a proper evaluation of Plaintiff's mental impairments and the resulting effect of this impairment, if any, on Plaintiff's residual functional capacity, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993); Butts v. Barnhart, 388 F.3d 377 (2d Cir. 2004).

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 19, 2007

