IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessica D. Freeman,        ) | |
|                            ) | Civil Action No. 0:06-2255-TLW-BM |
|             Plaintiff,     ) | |
|                            ) | **ORDER** |
| vs.                        ) | |
|                            ) | |
| MICHAEL J. ASTRUE,         ) | |
| Commissioner of Social Security, ) | |
|                            ) | |
|             Defendant.     ) | |
| _____) | |

Plaintiff has brought this action to obtain judicial review of a final decision of the defendant, Commissioner of Social Security, denying her claims for disability benefits. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that the Commissioner's decision be reversed, and that this case be remanded to the Commissioner for a proper evaluation of plaintiff's mental impairments, and the resulting effect of this impairment, if any, on plaintiff's residual functional capacity, and for such further administrative action as is deemed necessary and appropriate. (Doc. # 9). The Report was filed on September 19, 2007. Defendant filed objections on October 4, 2007. Plaintiff filed a response to defendant's objections on October 9, 2007.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The

> Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto.

After a thorough review of the record, the Report, and defendant's objections in accordance with the standard set forth above, and for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 9), defendant's objections are **OVERRULED** (Doc. # 11), and the decision of the Commissioner is **REVERSED**, and this case is **REMANDED** to the Commissioner for a proper evaluation of plaintiff's mental impairments, and the resulting effect of this impairment, if any, on plaintiff's residual functional capacity. Any further administrative action as is deemed necessary and appropriate shall be taken on remand.

**IT IS SO ORDERED**.

s/ Terry L. Wooten<br>
TERRY L. WOOTEN<br>
UNITED STATES DISTRICT JUDGE

February 26, 2008
Florence, South Carolina

2